## Henry Crawford v. John Nimmons.

1. USURY—*Where Grantee of Mortgagor May Not Interpose Defense of, in Foreclosure Proceedings.*—Where a party accepts a deed conveying mortgaged premises for the express consideration of $3,500 and "subject to a certain mortgage indebtedness of $2,000, and interest thereon, dated," etc., he affirms such indebtedness and is estopped from making the defense of usury in a proceeding for the foreclosure of the mortgage.

Foreclosure Proceedings.—Trial in the Circuit Court of Montgomery County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Hearing and decree for complainant. Appeal by defendant. Heard in this court at the November term, 1898. Affirmed. Opinion filed February 7, 1899.

LANE & COOPER and H. H. WILLOUGHBY, attorneys for appellant, contended that the mere fact that a conveyance

is made subject to a usurious mortgage does not purge the mortgage of the taint of usury or prevent the grantee from defending on the ground of usury.

CREIGHTON & GARDNER, attorneys for appellee, contended that the appellant having purchased the property expressly subject to the mortgage indebtedness and interest thereon, can not evade any portion of the debt. Essley v. Sloan, 116 Ill. 391.

The vendor in selling the land expressly subject to the mortgage indebtedness and interest thereon, affirmed the contract. Henderson v. Bellew, 45 Ill. 322; Essley v. Sloan, 116 Ill. 391; Valentine v. Fish, 45 Ill. 462.

The purchaser of land subject to a prior mortgage, can not set up usury in the same. Green v. Kemp, 7 Am. Dec. 169; Engel v. Harris, 43 Id. 624; Jones on Mortgages (2d Ed.), Secs. 744–745.

When the grantee contracts with a view to the incumbrance, or is informed of its existence and fails to obtain permission to urge the defense, the presumption is that the incumbrance, as it appears on its face, formed a part of the consideration he was to pay for the property, and it would be inequitable to permit him to escape its burden. Maher v. Lanfrom, 86 Ill. 522.

The acceptance of a deed expressly subject to an outstanding mortgage finally precludes the grantee from pleading usury. Barthet v. Elias, 2 Abb. N. Cas. (N. Y.) 364.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was a bill in equity filed by appellee against appellant to foreclose a mortgage upon real estate, given January 2, 1894, by Jesse A. Neal, who at that time owned the premises, to secure a note of same date executed by Neal to appellee for $2,000, due in three years after date, with eight per cent interest. On the 28th day of February, 1898, Neal and wife conveyed the mortgaged premises by warranty deed to appellant for the expressed consideration of $3,500, which deed contained this clause: "Subject to a certain mortgage indebtedness of $2,000, and interest

thereon, dated January 2, 1894." This deed was delivered to and accepted by appellant. Appellant answered the bill denying his liability for the mortgage indebtedness, and set up the defense of usury to the note, claiming that at the time of the purchase of the premises from Neal, it was expressly agreed he should be subrogated to all the rights of the mortgagor with reference to the mortgage, and should have the right to interpose the defense of usury to the mortgage and note, and that there had been no deduction from the price of the land on account of the incumbrance, and that appellant should succeed to all the rights of the mortgagor in the premises. Replication was filed to the answer, and upon the hearing the court found the equities with the complainant and gave decree for $2,483.75, that being the amount due upon the note to date of decree, by computing interest at the rate of seven per cent, after allowing a credit for $160, the interest for the first year, which had been paid by Neal. The bill contained an averment that on February 26, 1898, an agreement had been made that interest should be paid at the rate of seven per cent, although no proof of that averment was offered. From this decree appellant prosecutes this appeal, and the principal error insisted upon for a reversal is the disallowance by the court of the alleged defense of usury.

It appeared at the hearing that on March 30, 1898, appellant tendered $1,840 upon the note and mortgage, and $7.15, the costs accrued to that date, which being refused, the tender was kept good until the hearing. The only evidence introduced upon the hearing was the note, mortgage and warranty deed, and the oral evidence of Neal that he delivered the deed to appellant, and that it was accepted by him.

It is first insisted by appellant that the decree is personal against him, but in this counsel are mistaken, for it expressly provides that no decree for deficiency shall be taken, and the decree is otherwise to the effect that unless the amount found due is paid within twenty days the premises shall be sold.

The only question, therefore, for decision, is whether, under the facts stated, the appellant could set up the defense of usury against the note of his grantor, Neal. Appellant claimed by his answer that at the time he purchased the land of Neal it was expressly agreed he should have the right to interpose this defense, and unless the evidence sustains the answer in this respect it can not be well maintained he was in a position to make a defense which was personal to Neal alone. If by the transaction between appellant and Neal, the latter affirmed the usurious rate of interest specified in the note, and appellant accepted it, the latter ought not afterward be heard to say that he was substituted to the rights of the former in respect to the defense of usury. It seems too plain to us for argument, that when Neal inserted the clause in the deed that it was subject to the $2,000, and interest thereon, that he thereby affirmed it, and that by the acceptance of the deed with such clause, appellant not only did not receive authority from Neal to make the defense of usury, but thereby, in effect, was prohibited from so doing. It is as evident to us in this case, as it was to the court in Essley v. Sloan, 116 Ill. 398, that the parties to the deed did not understand that any right was transferred to defeat any portion of the mortgaged indebtedness. The conclusion that it was understood at the time the deed was made that the incumbrance formed part of the consideration of the purchase, seems irresistible. Whether it was so agreed in express terms is not material. The legal effect is the same. The incumbrance then on the land was excepted out of the warranty and was made with a view to and subject to it, with, it can not be doubted, full knowledge of its amount and the priority of the lien created thereby, and no authority was given to or permission obtained by appellant to set up usury against the note, and the presumption is that the incumbrance formed part of the consideration. Neal had the right, if he chose, to affirm the validity of his usurious contract, and having conveyed only the equity of redemption, will be held to have done so.

Finding no error in the decree of the Circuit Court it will be affirmed.